Totten, J-,
delivered the opinion of the court.
The plaintiffs sue by scire facias, in the circuit of Shelby, to revive and have execution of a judgment in said court, rendered on the 6th February, 1841, for $707, against Wyatt Christian, the defendant’s testator.
The'defendants, as executors, plead in bar the limitation of two years, and the plaintiff’s reply a demand made and delay, at the special request of the executors.
The testator was indebted to the Bank, in the further sum *516 of $2500, secured by note and a trust on property, and on which the executors had made certain payments.
There is proof tending to show a special request of the executors for delay until they could procure a statement of the account between the testator and the Bank. The executors insist that their request had no reference to the judgment, but was confined to the note on which payments had been made by them : while, on the contrary, the plaintiffs contend that it extended to the entire indebtment of the testator to the Bank. A statement of the balance due on the note was produced in evidence, but none was produced in reference to the judgment.
Upon the question of fact, we do not intend to intimate any opinion ; but we think, that the charge of the court in reference to it, is erroneous.
His honor, the Judge, instructed the jury, that if they “should find, that the request of the defendants for delay was, until they could see the entire indebtedness of the defendant’s testator to the Bank; their, as no evidence had been offered, that the delay of the plaintiffs to sue, was in consequence of that request, nor any evidence that the event had happened, the jury should find the issue for the defendants.”
The proviso of 4th sec. of act 1789, ch. 23, giving the limitation of two years, relied upon in the present case, is construed in Trott vs. West, 9 Yerg. R. 434, and Puckett vs. Jones, 2 Hum. R. 566.
The creditor must make demand of his debt or claim, and then, if he delay to bring suit at the special request of the executor or administrator, in that case, the debt or demand shall not be barred, during the time of indulgence. That is, the time of indulgence shall not be computed against him. The request must be special, and therefore a vague and indefinite request for time will not be sufficient.' “It must stipulate for special delay; for a definite term of indulgence,” during *517 which the statute shall not run. But it is not necessary to prove an express demand, as that may be inferred from circumstances, and a special request for delay implies, that a demand was made. A request for delay is special and definite, ■if it be for a given length of time, or until the happening of a certain event.
In the present case, the charge, in effect, is that although a special request for delay should appear, yet it must also appear by proof that the delay was in consequence of the request, and that the event, which limited the time of delay, had happened.
Now, if it appear, that there was a special request for delay, and that there was delay, it should be inferred, that the delay was in consequence of the request. The fact of delay in such case, being proved, the reason or motive that induced it, should be inferred, as that is a matter that, in many cases might be difficult of direct proof. If an executor write to a creditor for a year’s delay, or for time, until the happening of a stated event, and there is such delay, it is a just and reasonable inference, that it was in consequence of the request. It would unquestionably be competent for the executor to remove this presumption, by proof, that his request had been denied, if such were the fact.
As to the happening of the event, we do not see any reasoxi why the onus of proof should rest upon the plaintiff. It might in some cases, be material for the defence to show, that there was a lapse of time, sufficient for the bar, since the happening of the event. But the plaintiff’s case should rest upon the fact, that he delayed in consequence of a special request of the executor for time.
The judgment will be reversed, and the cause remanded.